UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Neville Mahadeo</u>

 v.              Civil No. 08-cv-053-JL

<u>Richard Gerry, Warden,</u>
<u>New Hampshire State Prison</u>

**<u>O R D E R</u>**

Before the Court is Neville Mahadeo's petition for a writ of habeas corpus (document no. 1). The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. <u>See</u> LR 4.3(d)(2). In conducting the preliminary review, the

Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On July 15, 2004, Mahadeo was convicted, after a jury trial, of a number of misdemeanor and felony offenses. Mahadeo was sentenced on July 23, 2004 to serve twelve months in the Strafford County House of Correction, followed by 3 ½ - 7 years

in the New Hampshire State Prison, the sentence he is currently serving.  An additional 3 ½ – 7 prison sentence was suspended for a period of ten years.  Mahadeo filed a direct appeal of his conviction in the New Hampshire Supreme Court ("NHSC") on August 19, 2004 alleging, among other things, that his federal due process rights had been violated by the exclusion of exculpatory defense exhibits from evidence at his trial.  His conviction was affirmed on June 17, 2005.

On September 19, 2005, Mahadeo filed a motion for a new trial in the state Superior Court.  The motion was denied on December 12, 2006.  Again, Mahadeo appealed to the NHSC.  In his notice of appeal, Mahadeo alleged that he had been deprived of his federal constitutional right to the effective assistance of counsel, based on a number of failures of his trial attorney, including the three grounds presented here, and enumerated below, for consideration.  The NHSC declined the appeal on February 27, 2007.  This petition followed.

Mahadeo raises the following four claims for relief in the instant petition:[1]

---

[1] The claims, as identified herein, will be considered to be the claims raised in the petition for all purposes.  If Mahadeo disagrees with the claims as identified, he must properly move to amend his petition.

1.  The trial court violated Mahadeo's Fourteenth Amendment due process rights and his Sixth Amendment right to confront the evidence against him by not allowing Mahadeo to impeach the complaining witness at his trial with letters she wrote after the alleged offense, recanting her accusations;

2.  Mahadeo was denied his Sixth Amendment right to the effective assistance of counsel when his trial counsel failed to move to dismiss a charge against him after the entry of the prosecution's case, because an essential element of the offense had not been proven by the prosecution;

3.  Mahadeo was denied his Sixth Amendment right to the effective assistance of counsel when his trial counsel coerced him into waiving his right to testify at trial by threatening to withdraw as counsel from his case if he exercised his right to testify in his own defense;

4.  Mahadeo was denied his Sixth Amendment right to the effective assistance of counsel when his trial counsel failed to properly provide exculpatory defense exhibits to opposing counsel, preventing the introduction of the exhibits at trial.

## Discussion

To be eligible for federal habeas relief, Mahadeo must show that he is both in custody and has exhausted all state court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2254(a) & (b); Duncan v. Kennedy, 513 U.S. 364, 365 (1995) (per curiam).  Mahadeo satisfies the first requirement as he is presently in custody.

The Court further finds that Mahadeo satisfies the requirement that state court remedies be exhausted. A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v.Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27 (2004) (citing Duncan, 513 U.S. at 365–66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)). In order to fairly present his claim in the state courts, Mahadeo need only provide the state courts with one full opportunity to pass upon the federal question presented. O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999). I find that Mahadeo, by raising his claims, including the federal nature of the claims, before the NHSC, has fairly presented all four of his current claims to that court for

consideration. Mahadeo has, therefore, exhausted his claims in the state courts.[2]

## Conclusion

The Court orders that the petition be served upon Respondent, who shall file an answer or other pleading in response to the allegations made therein. See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition). Service shall be completed by mailing to the New Hampshire Office of the Attorney General, which is the prison's attorney, by certified mail, return receipt requested, copies of this Order and the habeas petition (document no. 1).

Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order. The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

---

[2]Mahadeo indicates in his petition that he intends to return to the state courts to exhaust one of his claims, numbered 4 above. I find that Mahadeo has already demonstrated that the federal constitutional argument supporting that claim has been presented to the NHSC, and the claim is thus exhausted. Accordingly, Mahadeo needn't seek a stay of this petition or return to the NHSC to exhaust that claim.

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     April 1, 2008

cc:       Neville Mahadeo, pro se